IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TERENCE LOYD | § | |
| VS. | § | CIVIL ACTION NO. 9:23-CV-8 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Terence Loyd, a prisoner confined at the Duncan Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner challenges the constitutionality of a judgment entered in the 217th District Court of Angelina County, Texas. On July 19, 2018, Petitioner pleaded guilty to possession of a controlled substance, and he pleaded true to enhancement paragraphs alleging prior offenses. Petitioner was sentenced to ten years of imprisonment. Petitioner did not appeal the judgment or seek collateral review.

The Petition

Petitioner filed this petition on January 3, 2023.[1] Petitioner alleges he received a plea offer from the prosecutor, but Petitioner wanted to make a counter-offer which would include a suspended sentence. Petition contends that he received ineffective assistance of counsel because his attorney did not convey Petitioner's counter-offer to the prosecutor prior to the plea hearing. Petitioner claims that defense counsel presented Petitioner's proposed counter-offer during the plea hearing, which allegedly prejudiced Petitioner's case and resulted in the sentence not being suspended.

Analysis

Title 28 U.S.C. § 2254 authorizes the district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). There is a one-year statute of limitations on federal petitions for writ of habeas corpus brought by state prisoners. 28 U.S.C. § 2244(d). The limitation period begins to run from the latest of: (1) the date on which the judgment became final; (2) the date on which an impediment to filing created by unconstitutional state action was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right if the right is retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Section 2244 also provides that the

---

[1] A prisoner's pleading is considered filed as of the date it was delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Petitioner does not provide the date on which he mailed the petition, but the petition could not have been mailed before it was executed on January 3, 2023.

statute of limitations is tolled while a state post-conviction review or other collateral attack is pending. 28 U.S.C. § 2244(d)(2).

Here, there was no impediment to filing caused by unconstitutional state action, and Petitioner does not rely on a newly recognized constitutional right. Petitioner's claims concern his plea agreement and the imposition of his sentence. By exercising due diligence, Petitioner should have discovered the factual predicate of his claims before the judgment became final. Because Petitioner did not appeal, the conviction became final after the time for filing a notice of appeal expired on August 20, 2018. *See* TEX. R. APP. PROC. 26.2. The statute of limitations began to run the next day, and it expired on August 20, 2019. Petitioner is not entitled to statutory tolling because he did not file a state application for habeas relief. This petition, filed on January 3, 2023, is untimely.

The statute of limitations may be equitably tolled in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562 (2010). Equitable tolling is only available if: (1) the petitioner diligently pursued his rights, and (2) extraordinary circumstances prevented timely filing. *Id*. Delays of the petitioner's own making are not "extraordinary circumstances." *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013). Excusable neglect and ignorance of the law do not justify equitable tolling. *Id*. Petitioner offers no explanation for his fifteen-year delay in filing his federal petition. Petitioner has not demonstrated that he diligently pursued his rights, or that extraordinary circumstances prevented him from filing a timely petition. As a result, he is not entitled to equitable tolling of the statute of limitations.

## Recommendation

This petition for writ of habeas corpus should be dismissed as it is barred by the statute of limitations.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 31st day of January, 2023.

_____
Zack Hawthorn
United States Magistrate Judge